IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALEB M. MILLS,

      **Plaintiff,**

v.

JUDGE THOMAS J. FOSTER,
DEPUTY NICK CAPEHEART,
DOUGLAS E. DYHRKOPP,
BRITTNEY CAPEHEART,
MEGAN RAGAN, KEEGAN DENNIS,
and NATHAN ROWLAND,

      **Defendants.**

Case No. 3:26-CV-675-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Caleb Mills filed a *pro se* complaint under 42 U.S.C § 1983 against several public officials and private actors in Gallatin County, Illinois, alleging that they violated his constitutional rights. (Doc. 1). Pending before the Court is Mills's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

Normally, the fee for filing a complaint and opening a civil case is $405.00. However, a federal court may permit an indigent party to proceed *in forma pauperis*, that is, without prepayment of fees or costs. 28 U.S.C. § 1915(a)(1). To demonstrate indigence, an applicant must submit an affidavit asserting his inability to pay the fees, the nature of the action, and his belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of

life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Here, the Court is satisfied from Mills's affidavit that he is indigent. Mills reports, under penalty of perjury, that he is unemployed and has no income. (Doc. 2). He has no cash or assets and his monthly expenses total approximately $375, not including housing that is paid for by his family. The Court therefore finds that Mills is indigent and unable to pay the filing fee.

Under § 1915(e)(2), the Court must now screen Mills's Complaint and dismiss the Complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). In this context, a suit is malicious if it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

### FACTUAL ALLEGATIONS

In 2026, Mills filed a civil wage and hour action against his former employer, SIRAC, in Gallatin County Circuit Court. (Doc. 1, ¶ 13) In addition to his civil case, Mills has three closed criminal matters in the same court. (Doc. 1, ¶ 12-14). After completing his criminal sentence, Mills filed numerous motions in at least one of his closed criminal cases challenging the court's jurisdiction. (*Id.* ¶ 15). He claims the filing of these motions

caused Defendants to conspire to retaliate against him and violate his constitutional rights. (*Id.* ¶ 16). Specifically, Mills asserts that during a hearing on May 11, 2026, in criminal case No. 2022-CF-10, Judge Thomas Foster ordered him not to leave the courtroom. (*Id.* ¶¶ 26-27). When Mills turned toward the exit anyway, Deputy Nick Capeheart grabbed his arm very hard and physically pulled him to the bench. (*Id.* ¶ 28). Judge Foster then verbally told Mills that he would not hold Mills in contempt. (*Id.* ¶ 29). Despite this oral pronouncement, Judge Foster later entered a "Judgment Order of Direct Criminal Contempt." (*Id.* ¶ 30). Mills asserts that the contempt order is void for lack of jurisdiction because the case was closed and that it violates due process because it was entered without notice and a hearing in direct contraction to Judge Foster's oral ruling. (*Id.* ¶ 31).

Mills also claims that Judge Foster, Gallatin County State's Attorney Douglas Dyhrkopp, and Gallatin County Circuit Clerk Brittney Capeheart have refused to allow him to inspect public records including their oaths of office and official bonds, which suggests they are acting without lawful authority. (*Id.* ¶¶ 17-20). Dyhrkopp, serving as counsel for Circuit Clerk Brittney Capeheart, demanded that Mills stop communicating with her. And Nathan Rowland, his court-appointed public defender, has refused to give him his complete case file so he can prepare post-conviction motions. (*Id.* ¶ 32).

Finally, Mills asserts that Megan Ragan, the Executive Director of SIRAC, retaliated against him for filing his civil wage and hour case by filing a Petition for Stalking No Contact Order against him. (*Id.* ¶ 23). He claims the petition is based on false allegations and was only filed to manufacture a false record of dangerousness against

him to give SIRAC a basis to dismiss his employment case. (*Id.* ¶ 24-25). Mills also contends that Keegan Dennis, attorney for SIRAC, retaliated against him by filing the petition for Ragan, and that Defendant Dyhrkopp, whose spouse is on the board of SIRAC, was "aligned" with both Ragan and Dennis. (*Id.* ¶ 25).

Mills's Complaint alleges five counts:

Count I:    Violation of Due Process in violation of the Fourteenth Amendment against Judge Foster for creating a false contempt record and against Deputy Capeheart for physically seizing him and dragging him before the Court without a warrant, probable cause, or lawful order.

Count II:   Unreasonable Seizure in violation of the Fourth Amendment against Deputy Capeheart for grabbing his arm and pulling him across the courtroom without a warrant or probable cause.

Count III:  Fabrication of Evidence in violation of the Fourth Amendment against Judge Foster for fabricating the Order of Contempt.

Count IV:   Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983 against all Defendants when they retaliated against him for exercising his rights.

Count V:    Denial of Access to the Courts in violation of the First and Fourteenth Amendments against Roland for refusing to produce his case file, Brittney Capeheart for her failure to produce oaths and bonds, Dyhrkopp for demanding that Mills cease communications with Brittney Capeheart, and Judge Foster for entering a void Order of Contempt.

### ANALYSIS

Mills's claims against Judge Foster must be dismissed because they are barred by the doctrine of judicial immunity. "[J]udges are entitled to absolute immunity from damages for their judicial conduct." *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001)

(citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). "This rule protects the judicial process by ensuring that judges make decisions based on the merits, not based on fear of potential lawsuits." *Winters v. Kerkman*, No. 26-CV-0173-BHL, 2026 WL 446403, at *3 (E.D. Wis. Feb. 17, 2026) (citing *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012)). Judicial immunity has been recognized as a device to protect judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Richman*, 270 F.3d at 435. Mills's claims against Judge Foster are clearly related to his judicial conduct; therefore, they must be dismissed.

Deputy Capeheart is also protected by the doctrine of quasi-judicial immunity. The absolute immunity afforded to judges has been extended to apply to the "quasi-judicial conduct" of "[n]on-judicial officials whose official duties have an integral relationship with the judicial process." *Richman*, 270 F.3d at 435; *Zoretic v. Darge*, 832 F.3d 639, 643 (7th Cir. 2016) (holding that judicial officers "performing ministerial acts under a judge's supervision and intimately related to judicial proceedings have quasi-judicial immunity"). The rationale for quasi-judicial immunity is that court personnel and other officials "should be free of the harassment and intimidation associated with litigation." *Zoretic*, 832 F.3d at 643. As relevant here, a judicial officer is entitled to quasi-judicial immunity when he is engaged in a non-discretionary or administrative function at the explicit direction of a judicial officer. *Id.* at 644. In this case, Mills alleges that Judge Foster told him not to leave the courtroom, and that when he tried to leave anyway, Deputy Capeheart grabbed his arm and brought him to the judge's bench. Deputy Capeheart was clearly acting at the direction of Judge Foster, so he is entitled to quasi-judicial immunity.

Mills's claims against the remaining Defendants also fail. He appears to make no legal claims against Defendants Ragan or Dennis, alleging only that they filed for an Order of Protection, which was entered by the Gallatin County Court on May 21, 2026.[1] To the extent Mills is claiming that he was injured by that action, this Court has no jurisdiction over the claim. The *Rooker–Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *T. M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739, 1744 (2026). The Court also notes that this claim may be considered malicious, or filed with the intent to harass Ragan. *See Lindell*, 352 F.3d at 1109.

Finally, Mills has failed to state a claim for denial of access to the courts against Roland, Brittney Capeheart, and Dyhrkopp. "The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right is violated when a state actors impedes a litigant's efforts to pursue legal claims and the litigant suffers an injury as a result of the deprivation. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). To establish an "actual injury," an inmate must show that an attempt to pursue non-frivolous litigation was hindered by unjustified acts or conditions caused by the defendants. *See Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir. 2002).

---

[1] This Court has authority to take judicial notice of Mills's cases in Gallatin County. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

As to Capeheart and Dyhrkopp, Mills has not alleged any facts demonstrating that these Defendants' alleged actions prevented him from pursuing non-frivolous litigation. And while he claims Rowland, his public defender, has refused to turn over his complete case file, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Mills has not stated an access to the courts claim under 42 U.S.C. § 1983.

## CONCLUSION

For these reasons, the Application to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Caleb M. Mills (Doc. 2) is **GRANTED**. However, because the Complaint (Doc. 1) fails to state a claim and contains claims for money damages against immune defendants, it is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court **GRANTS** Mills leave to file an amended complaint, to the extent he is able to do so in compliance with the Federal Rules of Civil Procedure, on or before **September 11, 2026**. The failure to file an amended complaint will result in the dismissal of this case with prejudice.

**IT IS SO ORDERED.**

**DATED:    August 12, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**